```
UNITED STATES DISTRICT COURT                                    FILED
EASTERN DISTRICT OF NEW YORK                              IN CLERK'S OFFICE
                                                      US DISTRICT COURT E.D.N.Y.
------------------------------------------------------------- X
                                                          *  NOV 4 - 2009  *
LORI TAYLOR,
                                                            BROOKLYN OFFICE
                                Plaintiff,
                                                         MEMORANDUM
        -against-                                        DECISION ORDER

                                                         09 Civ. 4575 (BMC)
JOHNSON & JOHNSON, JOHNSON &
JOHNSON PHARMACEUTICAL
RESEARCH & DEVELOPMENT, L.L.C., and
ORTHO-McNEIL JANSSEN
PHARMACEUTICAL, INC.,

                                Defendants.
------------------------------------------------------------- X
```

**COGAN, District Judge.**

By Order to Show Cause entered October 23, 2009, this Court directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The problem pointed out in the Order to Show Cause was that plaintiff has sued a limited liability company, Johnson & Johnson Pharmaceutical Research and Development, L.L.C. ("RD LLC"), but the complaint treats it as a corporation to determine its citizenship for purposes of alleging diversity jurisdiction, setting forth its state of organization and principle place of business.[1]

In response to the Order to Show Cause, plaintiff again asserts that, according to a pleading which RD LLC filed in a New Jersey state court action, RD LLC is a "limited liability company organized under the laws of New Jersey, with its principal place of business in Raritan [New Jersey]." This does not address the point raised in the Order to Show Cause, which

---

[1] The Order to Show Cause also stated that plaintiff appeared to have improperly alleged the citizenship of the two other defendants, both of which are alleged to be corporations. However, the complaint as originally filed on ECF was initially missing pages 2 and 3 (this was a Clerk's error, not plaintiff's), and the missing allegations adequately allege citizenship as to these corporations.

advised plaintiff that "as a non-corporate business entity," the citizenship of RD LLC "is that of each of its members. Plaintiff must therefore set forth the identity of each member of this LLC and allege each member's citizenship." Numerous cases hold that principal place of business and state of incorporation are relevant for diversity purposes only with regard to corporations, and not any other form of business entity. See e.g. Carden v. Arkoma Assoc., 494 U.S. 185, 195-96 (1990); Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000); United Food & Commercial Workers Union, 30 F.3d 298, 302 (2d Cir. 1994); Szewzyk v. Wal-Mart Stores, Inc., No. 3:09cv1449, 2009 WL 3418232 (D. Conn. Oct. 19, 2009); Sessing v. Gateway Center Properties, LLC, No. 09 Civ. 2485, 2009 WL 1918162 (E.D.N.Y. June 30, 2009).

This Court has an obligation to examine its subject matter jurisdiction *sua sponte* and dismiss the case if it is lacking. See Vasquez v. GMD Shipyard Corp., 582 F.3d 293 (2d Cir. 2009). As the Supreme Court has held, "it is the obligation of both district court and counsel to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S.Ct. 1920, 1937 (2004). Despite being afforded a second opportunity, plaintiff has failed to allege sufficient facts for this Court to conclude that subject matter jurisdiction is present.

## CONCLUSION

The complaint is dismissed for lack of subject matter jurisdiction. Plaintiff may file an amended complaint in 7 days that does not include RD LLC, failing which this action shall be

2

closed without further Order.  Plaintiff's motion to adjourn the Initial Status Conference is denied as moot.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 30, 2009